ELECTRONICALLY FILED - 2016 Sep 27 12:47 PM - WILLIAMSBURG - COMMON PLEAS - CASE#2016CP4500435

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | THIRD JUDICIAL CIRCUIT |
| COUNTY OF WILLIAMSBURG ) | |
| ) | C/A NO. 2016-CP-45-_____ |
| Williamsburg Regional Hospital, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | SUMMONS |
| Continental Casualty Company, ) | (Jury Trial Demanded) |
| ) | |
| Defendant. ) | |
| _____ ) | |

TO THE DEFENDANT, ABOVE NAMED:

YOU ARE SUMMONED and required to answer the Complaint, a copy of which is served upon you, and to serve a copy of your answer to the Complaint on the below named attorney, at his office at 1730 Jackson Street, Barnwell, South Carolina, within thirty (30) days after service, exclusive of the day of such service. If you fail to answer the Complaint within that time period, plaintiff will apply to the court for a judgment by default as to the relief demanded in the Complaint.

Respectfully,

/s/: Terry E. Richardson
Terry E. Richardson, Jr. (SC Bar #4721)
E-Mail: trichardson@rpwb.com
Daniel S. Haltiwanger (SC Bar #15705)
E-Mail: dhaltiwanger@rpwb.com
Christopher Moore (SC Bar #77934)
E-Mail: cmoore@rpwb.com
P. O. Box 1368
1730 Jackson Street
Barnwell, South Carolina 29812
T: 803.541.7850
F: 803.541.9625

W. E. Jenkinson, III (SC Bar #2984)
Jenkinson, Jarrett, and Kellahan, PA
P.O. Drawer 669
120 West Main Street
Kingstree, South Carolina 29556

September 27, 2016
Barnwell, SC

E-Mail: billy@jenkinsonlaw.com
**ATTORNEYS FOR PLAINTIFF**

1

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | THIRD JUDICIAL CIRCUIT |
| COUNTY OF WILLIAMSBURG ) | |
| ) | C/A NO. 2016-CP-45-_____ |
| Williamsburg Regional Hospital, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | COMPLAINT |
| Continental Casualty Company, ) | (Jury Trial Demanded) |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff alleges as follows:

## PARTIES AND JURISDICTION

1. Plaintiff is not-for-profit corporation domiciled and operating its principal place of business in Williamsburg County, State of South Carolina.

2. Defendant Continental Casualty Company is a foreign corporation with its principal place of business in Illinois. Defendant is licensed to transact business within the State of South Carolina and may be served through the Director of the S.C. Department of Insurance.

3. Defendant has continuing contacts with South Carolina by transacting substantial business in this state, contracting to supply services in this state, deriving substantial revenue from services rendered in this state, contracting to insure persons and property in this state, and through its commission of a tortious act in this state. By virtue of those ongoing contacts, defendant is subject to this Court's jurisdiction pursuant to S.C. Code § 36-2-803.

4. Venue is proper in this Court pursuant to S.C. Code § 15-7-30(F) as the most substantial part of the wrongful acts alleged occurred in Williamsburg County, South Carolina.

ELECTRONICALLY FILED - 2016 Sep 27 12:47 PM - WILLIAMSBURG - COMMON PLEAS - CASE#2016CP4500435

## FACTUAL ALLEGATIONS

5.     Defendant sold and issued a commercial property insurance policy to plaintiff, policy number 6010431423, with a policy period of March 1, 2015 to March 1, 2016, which covered plaintiff's regional hospital facility located at 500 Nelson Boulevard, Kingstree, South Carolina 29556.

6.     From October 1-5, 2015, the State of South Carolina experienced historic rainfall with certain parts of the state experiencing 500 year and 1000 year event levels of rainfall causing significant damage across the state.

7.     As a result of this historic rainfall, plaintiff's hospital facility was substantially damaged by water when its roof structure was overwhelmed and failed.

8.     The roof's failure caused the interior structures of the hospital to be inundated with water.

9.     The water damage caused by the roof's failure is extensive throughout the hospital and will require extensive repairs as a result of the hospital having suffered visible water damage to almost ninety percent of the facility.

10.    In addition to the visible water damage present at the facility, the hospital's plumbing, mechanical, electrical, and structural components have suffered damage and will require repair.

11.    As a result of this extensive damage, the hospital was forced to close.

12.    Plaintiff timely notified defendant of the loss claim and has made its facilities, personnel, and books available to defendant for assessment of plaintiff's loss claim.

13.    Plaintiff has cooperated fully with defendant in its adjustment of the loss.

14.    Plaintiff has expended resources to secure expert consultation and repair estimates from various entities.

15.    Plaintiff has provided those repair / rebuild estimates to defendant.

ELECTRONICALLY FILED - 2016 Sep 27 12:47 PM - WILLIAMSBURG - COMMON PLEAS - CASE#2016CP4500435

16. Early in the claim plaintiff well recognized the extensiveness of the damage and, based on their repair estimates, contacted defendant and demanded that it pay to cover its loss.

17. Defendant did not pay the claim as demanded by plaintiff.

18. To date, defendant has paid a portion, but not all, of the claim made by the plaintiff. Defendant takes the position that it has paid what is due under the policy.

### CAUSES OF ACTION

**1. Breach of contract:**

19. Plaintiff fully incorporates all previous paragraphs.

20. Plaintiff and defendant have a mutually binding contract of insurance.

21. Under the contract, defendant has an obligation to process valid claims made against plaintiffs' policy; an obligation to adequately and effectively investigate claims; and an obligation to pay valid claims covered by the contract.

22. Defendant breached the contract by the following actions:

   a. Failing to properly investigate and settle plaintiff's claims arising under its commercial property insurance policy;

   b. Failing to timely resolve the claim upon demands by plaintiff within the coverage afforded by the policy;

   c. Failing to pay claims covered under the insurance contract; &

   d. Any other actionable breach of the contract in Nationwide's processing the subject claim and refusing to pay benefits under the contract that may be revealed during discovery.

23. Defendant's breach of its insurance contract with plaintiff caused plaintiff damage as follows:

    a. Plaintiff has been forced to spend considerable time / resources in proving the validity of their claim at the request of defendant;

    b. Plaintiff has been forced to confront its insurance carrier who has endeavored to minimize the damage to the facility and / or misclassify the loss so as to minimize its exposure under the insuring agreement;

    c. Plaintiff has been forced to close its hospital and expend other resources in order to continue servicing the citizens and patients of Williamsburg County with no ability at present to rebuild and start its path towards normal operation;

    d. Plaintiff has offered to settle these claims within the policy limits yet defendant continues to resist reasonable payment of these losses; &

    e. These actions and delays have caused plaintiff to suffer additional loss of use damages, out of pocket loss in refuting defendant's undervaluation of claims, and have denied plaintiff the amounts of coverage for which they are entitled and for which they paid substantial premiums.

24. Defendant's breach of the insurance contract was done without reasonable cause and in bad faith entitling plaintiff to attorneys' fees pursuant to S.C. Code § 38-59-40.

**2. Bad faith refusal to pay benefits / bad faith claim processing**

25. Plaintiff fully incorporates all previous paragraphs.

26. Plaintiff and defendant had a mutually binding contract of insurance.

27. Defendant has refused to tender proper coverage amounts due under the mutually binding contract of insurance.

28. Under South Carolina law, the subject contract of insurance contained an implied covenant of good faith and fair dealing that neither party would impair the other's rights to receive benefits under the contract.

ELECTRONICALLY FILED - 2016 Sep 27 12:47 PM - WILLIAMSBURG - COMMON PLEAS - CASE#2016CP4500435

29. Defendant owed plaintiff a duty under the implied covenant of good faith and fair dealing not to refuse to pay first party benefits due under the policy, and to process a claim under the policy reasonably and in good faith.

30. Defendant processed plaintiff's claims unreasonably, in bad faith, recklessly, and negligently in the following ways:

    a.    Failing to adequately and properly investigate and settle plaintiff's claims arising under the policy;

    b.    Ignoring the amount of loss as prepared and presented by plaintiff;

    c.    In unreasonably delaying payment of Plaintiff's claims;

    d.    In failing to communicate any reasonable justification for failing to honor the claims;

    e.    In failing to attempt in good faith to affect a fair, prompt, and equitable settlement of the claims;

    f.    In compelling plaintiff to institute a lawsuit to recover lawful benefits due under the aforementioned policy;

    g.    In failing to fully investigate and review the claims to determine whether or not the claims came within the coverage afforded by the policy;

    h.    By refusing to give reasonable interpretations to the provisions in the policy of insurance, or any reasonable application of such provisions;

    i.    Causing Plaintiff to engage legal counsel to initiate litigation to recover such benefits; and

    j.    Any other unreasonable action, bad faith, recklessness or negligence in processing the subject claim and refusing to pay benefits under the contract that may be revealed during discovery.

ELECTRONICALLY FILED - 2016 Sep 27 12:47 PM - WILLIAMSBURG - COMMON PLEAS - CASE#2016CP4500435

ELECTRONICALLY FILED - 2016 Sep 27 12:47 PM - WILLIAMSBURG - COMMON PLEAS - CASE#2016CP4500435

31.   Defendant's unreasonable conduct amounts to a breach of the implied covenant of good faith and fair dealing.

32.   Defendant's breach of this implied covenant directly and proximately caused damage to plaintiff as follows:

   a.   Plaintiff has been forced to fight with its insurance carrier to protect its right to compensation for these covered losses;

   b.   Plaintiff has been forced to endure repeated delays and frustrations despite their steadfast cooperation with the handling of this claim;

   c.   Plaintiff has offered to settle these claims within the policy limits yet defendant continues to resist reasonable payment of these losses; and

   d.   These actions and delays have caused plaintiff to suffer additional loss of use damages, frustration, out of pocket loss in refuting defendant's intentional undervaluation of claims, and have denied plaintiff the amount of coverage to which it is entitled and for which it paid substantial premiums.

### Relief Sought

33.   Plaintiff fully incorporates all previous paragraphs.

34.   Plaintiff asks for judgment against defendant as follows:

a.   for actual damages according to proof, including incurred and future consequential damages, loss of possessions, loss of use, costs incurred due to being displaced, costs of remediation, costs of repair estimates and actual repairs, and other costs that may be proven at trial;

b.   for other compensatory damages, including pre-judgment interest, permitted by law;

c.   for punitive damages as determined by the trier of fact should discovery reveal willful wanton conduct by defendant;

d.  for all costs of Court; and

e.  for such other relief as the trier of fact deems just and proper.

### J URY  T RIAL  D EMANDED

Trial by jury is demanded as to all issues to the extent permitted by law.

Respectfully,

*/s/: Terry E. Richardson*
Terry E. Richardson, Jr. (SC Bar #4721)
E-Mail: trichardson@rpwb.com
Daniel S. Haltiwanger (SC Bar #15705)
E-Mail: dhaltiwanger@rpwb.com
Christopher Moore (SC Bar #77934)
E-Mail: cmoore@rpwb.com
P. O. Box 1368
1730 Jackson Street
Barnwell, South Carolina 29812
T: 803.541.7850
F: 803.541.9625

W. E. Jenkinson, III (SC Bar #2984)
Jenkinson, Jarrett, and Kellahan, PA
P.O. Drawer 669
120 West Main Street
Kingstree, South Carolina 29556
E-Mail: billy@jenkinsonlaw.com
**ATTORNEYS FOR PLAINTIFF**

September 27, 2016
Barnwell, South Carolina